Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
mfc@caseybarnett.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CARL SCHROETER GMBH & CO KG a/s/o ASICA
FARMS SAC and a/s/o PANORAMA PRODUCE
SALES, INC.

           Plaintiff,

  - against –

MSC MEDITERRANEAN SHIPPING COMPANY
S.A.

           Defendant.
-------------------------------------------------------------X

23 Civ.

**COMPLAINT**

Plaintiff, CARL SHROETER GMBH & CO KG a/s/o Asica Farms SAC and a/s/o Panorama Produce Sales Inc. by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

## JURISDICTION

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the provisions contained in the MSC bill of lading, which provides for jurisdiction in this District for cargo shipments that transit through the United States.

## PARTIES

2.    At all material times, Carl Schroeter GmbH & Co KG (hereinafter "Carl Schroeter" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign

country with an office and place of business located at Martinistrasse 8-10, Bremen 28195, Germany, and is the subrogated underwriter of a consignment of Fresh Mangoes, as more specifically described below.

3.      At all material times, Asica Farms SAC (hereinafter "Asica" or "Plaintiff") was and is a corporation with an office and a place of business located at Avenida El Golf No. 681, Trujillo, Peru, and was the owner/shipper of a consignment of Fresh Mangoes, as more specifically described below.

4.      At all material times, Panorama Produce Sales Inc. (hereinafter "PPS" or "Plaintiff") was and is a corporation with an office and place of business located at 933 Mamaroneck Avenue, Mamaroneck, NY 10543, and was the owner/consignee of a consignment of Fresh Mangoes, as more specifically described below.

5.      At all material times, defendant, MSC MEDITERRANEAN SHIPPING COMPANY S.A. (hereinafter "MSC" or "Defendant") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 700 Watermark Blvd, Mt. Pleasant, SC 29464, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

6.      Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

7.      On or about December 7, 2021, a consignment consisting of 5,544 Boxes Fresh Mangoes, laden in refrigerated container MEDU 9026420, then being in good order and condition, was delivered to MSC and/or its agents in Paita, Peru by cargo shipper Asica. The cargo was

booked for transit on board the M/V MSC VAISHNAVI R in Paita destined for Philadelphia, Pennsylvania, all in consideration of an agreed upon freight, and in consideration of MSC maintaining a supply air temperature of 9.0°C at all times, all pursuant to MSC bill of lading MEDUL6469893 dated December 7, 2021.

8. Thereafter the container was loaded on board the M/V MSC VAISHNAVI R on or about December 7, 2021, MSC bill of lading MEDUL6469893 was issued and the vessel sailed for her intended destination.

9. At some point and place in transit, the containers were discharged and then transshipped on board the M/V MAERSK BINTAN.

10. On or about December 21, 2021 the M/V MAERSK BINTAN arrived in Philadelphia and the container was discharged.

11. On or about December 23, 2021 the container was delivered to the receiver.

12. Upon receipt of the container, the receiver determined that the cargo of mangoes had defects due to elevated temperatures during transit.

13. As a result of the temperature abuse that occurred during transit, the consignment was not in the same good order and condition as when first received by defendant, but instead had suffered physical damage while in said defendant's care, custody and control.

14. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendant and/or its agents.

15. As a result of the foregoing, Plaintiff suffered damages in the amount of $14,466.16 in lost sales.

16. At all times relevant hereto, a contract of insurance for property damage was in effect between Carl Schroeter, Asica and PPS, which provided coverage for, among other things, loss or damage to the aforementioned consignment of Fresh Mangoes.

17. Pursuant to the aforementioned contract of insurance between Asica, PPS and Carl Schroeter, monies have been expended on behalf of Asica and PPS to the detriment of Carl Schroeter due to the damages sustained during transit.

18. As Carl Schroeter has sustained damages as a result of said expenditures, expenditures rightly the responsibility of defendant, Carl Schroeter has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the Defendant.

19. Asica and PPS have, in addition, assigned the deductible portions of the claim to Carl Schroeter.

20. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $14,466.16.

## AS AND FOR A FIRST CAUSE OF ACTION

21. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 20, inclusive, as if herein set forth at length.

22. Pursuant to the contract of carriage entered into by and between the parties, the Defendant owed contractual and statutory duties to the aforementioned cargo owner to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

23. The Defendant breached its contractual and statutory duties by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

24. As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $14,466.16.

25. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $14,466.16.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $14,466.16 plus interest and costs; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
      May 23, 2023
      519-31

                **CASEY & BARNETT, LLC**
                Attorneys for Plaintiff

By: *Martin Casey*
      Martin F. Casey
      305 Broadway, Ste 1202
      New York, New York 10007
      (212) 286-0225